Curia, per
Evans, J.
The exemplification of the record sets out, that a copy of the declaration and note with a rule to plead, had been served on the defendant’s attorney ; and that afterwards, the defendant appeared in person. The exemplification purports to be a transcript of a judgment, and the Chief Justice certifies that the attestation is in due form of law, and from hence, I think, we must infer that the record certified by the clerk is such as constitutes a judgment by the laws of New York. The forms of judicial proceedings are different in different States. Every State may have its own peculiar modes of commencing actions, and the certificate of the Judge must be regarded as evidence that the record is what it purports to be, according to the laws of the State in which it is rendered. We are bound by the constitution of the *283 United States to give full faith and credit to every thing which appears from the exemplification ; and where, as in this case, it does appear the defendant was a party to the proceedings, we must regard that as true, although it does not appear to have been done in the. way required by our laws.
But I think the decisions fully establish that where effect is attempted to be given to the judgments of another Slate, they are examinable so far at least as to inquire whether the defendant was a party to the proceeding; for by the laws of all civilized countries, no man is bound by a judicial proceeding to which he was no party, of which he had no notice, and had no opportunity of making his defence. How such a defence may be made, may be somewhat uncertain. In the case in 6 Wendell, 449, it was pleaded specially. In Miller vs. Miller, 1 Bailey, 242, it was given in evidence under the plea of nihil debit. In this case it was offered under the plea of nul tiel record. The issue on this plea, is decided by the court by inspection of the record, and not by intrinsic evidence. If it appeared on the record, then the plaintiff should have been non-suited, but as it was to be established by other evidence, it could be decided only on some other and appropriate plea.
The motions are dismissed.
Richardson, O’Neall, Wardlaw and Frost, JJ. concurred.